UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FONG V., | Case No. 26-cv-866 (LMP/DLM) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, *U.S. Attorney General*; and DAVID EASTERWOOD, *Acting Field Office Director Enforcement and Removal Operations*, | |
| Respondents. | |

---

Bruce D. Nestor, **De Leon & Nestor, LLC, Minneapolis, MN**, for Petitioner.

Jesus Cruz Rodriguez, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

  Petitioner Fong V. came to the United States in 1978 when he was several months old after being born in a refugee camp in Thailand. ECF No. 1 ¶ 13. In 1999, he was ordered removed from the United States but was granted withholding of removal from Laos, of which he is a national. *Id.* ¶¶ 2, 14. Because the Government could not effectuate his removal to another country, Fong V. was released into the community on an Order of Supervision. *Id.* ¶ 2. For the past 27 years, Fong V. has remained law-abiding, complied with all provisions of his Order of Supervision, and built a career in appliance repair work; today, he owns an appliance repair business in Coon Rapids. *Id.* ¶¶ 14, 16. Over the years,

Fong V. has donated school supplies and backpacks to teachers and families and provided free appliances and *pro bono* appliance repairs for seniors and low-income households. *Id.* ¶ 14. He is the only surviving parent for his now adult children after his wife passed away from brain cancer in 2013. *Id.* ¶ 15.

On January 30, 2026, at a regularly scheduled check-in with Immigration and Customs Enforcement ("ICE"), Fong V. was arrested by immigration officials, and he remains in the custody of ICE. *Id.* ¶ 17. Fong V. accordingly petitioned for a writ of habeas corpus, alleging that his detention violated federal regulations governing revocation of an Order of Supervision. *Id.* ¶¶ 45–77. The Court ordered the Government to answer the petition no later than February 3, 2026. ECF No. 4. The Government timely responded. ECF No. 6.

The Government's response focuses primarily on Fong V.'s due process claim, arguing that his claim is premature because he has not been detained for at least six months. ECF No. 6 at 7–10; *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a six-month period of detention is a "presumptively reasonable" post-removal period of detention). The problem for the Government is that Fong V. is *not* bringing a *Zadvydas* challenge to prolonged detention; rather, he alleges that the Government violated federal regulations when revoking his Order of Supervision, and that such illegal detention violates his due process rights. *See* ECF No. 1 ¶¶ 45–55. Specifically, Fong V. challenges the Government's failure to provide an individualized justification when revoking his Order of Supervision along with its failure to sufficiently demonstrate changed circumstances that render his removal significantly likely in the reasonably foreseeable future. *Id.* ¶¶ 19–21.

2

In any event, the Court need not address Fong V.'s constitutional claim because it agrees with him on his regulatory claim. *Id.* ¶ 63; *see United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998). The Government argues that even if Fong V. succeeds on his regulatory claim, release from custody is not an appropriate remedy. ECF No. 6 at 11. This Court has previously decided otherwise, *see Roble v. Bondi*, No. 25-cv-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025), and this Court adheres to that decision. And in that decision, the Court explained that when revoking a noncitizen's Order of Supervision under 8 C.F.R. § 241.13(i)(2), it is the Government's burden to demonstrate changed circumstances that make removal significantly likely in the reasonably foreseeable future. *Id.* at *4. The Government has not submitted any evidence relevant to the likelihood of Fong V.'s removal in the reasonably foreseeable future. While the Government generically suggests that ICE is working "to facilitate [Fong V.'s] removal," ECF No. 6 at 10, it offers no details as to what type of travel documents it is working to obtain, the intended country of removal, the timeline of removal, or the likelihood of success as to any removal. And there is no accompanying declaration detailing that information. This is simply not enough. The Government, therefore, has failed to meet its burden, so Fong V. is entitled to habeas relief. *See Roble*, 2025 WL 2443453, at *5.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Fong V.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2.	The Government is **ORDERED** to release Fong V. from custody by no later than 5:00 p.m. CST on February 6, 2026, subject to and in accordance with the conditions in his preexisting Order of Supervision; and

3.	No later than 12:00 p.m. CST on February 9, 2026, the Government is **ORDERED** to provide a status update affirming that Fong V. was released from custody in accordance with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 4, 2026	*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge